### W. S. Mello *v.* Nancy Anderson's Heirs.

**Judgment Constructively Vacated—New Trial Without Objection.**

On a motion for a new trial, and to set aside a verdict and judgment rendered against appellant, no order appears to have been entered disposing of the motion, and the parties proceeded to try the issues again without regard to the former judgment: Held, that in the absence of objection by the defendant on that ground, the former judgment was constructively vacated by subsequent proceeding, and defendant regarded as having waived his right to said objections on the last trial and judgment.

January 14, 1868.

Appeal from Graves Circuit Court.

Opinion of the Court by Judge Hardin:

Although no order appears to have been entered setting aside the first verdict and judgment rendered in the case on the plaintiff's motion for a new trial as the parties proceeded to try the issues again without regard to that judgment and the defendant interposed no objection on that ground or the motion for a new trial, it seems to us, said verdict and judgment for the defendant were constructively vacated by the subsequent proceedings, and the defendant should be regarded as having waived his right to object on that ground to the last trial and judgment.

The instructions copied in the record are not identified or even referred to in the bill of exceptions, nor does it appear that they were the only instructions asked nor that others not copied in the record, were not given. In fact the instructions copied are not

so certified or referred to by the court as to be regarded as part of the record. We cannot therefore adjudge that the court committed any error in its ruling as to instructions given or refused.

The verdict of the jury appears to have been authorized by the evidence, and it seems to us that the defendant's motion for a new trial was properly overruled.

Wherefore the judgment is affirmed.

*Rodman & Bradley, for appellant.*
*Anderson, for appellee.*